**IN THE COURT OF APPEALS OF IOWA**

No. 24-1918
Filed March 19, 2025

**IN THE INTEREST OF S.L., P.J., M.J., and J.J.,**
**Minor Children,**

**D.D., Mother,**
     Appellant.
_____

Appeal from the Iowa District Court for Polk County, Kimberly Ayotte, Judge.


A mother appeals the juvenile court's order terminating her parental rights to four children. **AFFIRMED.**


Karen A. Taylor of Taylor Law Offices, P.C., Des Moines, for appellant mother.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, for appellee State.

Sarah E. Dewein of Cunningham & Kelso, P.L.L.C., Urbandale, attorney for J.J. and guardian ad litem for all minor children.

Jami J. Hagemeier of Youth Law Center, Des Moines, attorney for S.L., P.J., and M.J.


Considered by Ahlers, P.J., and Badding and Buller, JJ.

**AHLERS, Presiding Judge.**

The juvenile court terminated a mother's parental rights to four children, born in 2011, 2015, 2017, and 2023. The court also terminated the parental rights of all unknown fathers of the four children and the known fathers of the three oldest children. As to the putative father of the youngest child, the court set further proceedings. Only the mother appeals.

## I.      Standard and Process of Review

We review orders terminating parental rights de novo. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022). Our review follows a three-step process of determining (1) whether a statutory ground for termination under Iowa Code section 232.116(1) (2024) has been established; (2) whether termination is in the children's best interests by applying the framework spelled out in section 232.116(2); and (3) whether a permissive exception under section 232.116(3) should be applied to preclude termination. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021). We do not address any steps not raised by a parent. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). After addressing any challenged steps of the three-step process, we then address any additional claims raised by a parent. *In re J.K.-O.*, No. 24-0678, 2024 WL 3290381, at *1 (Iowa Ct. App. July 3, 2024).

## II.      Analysis

The mother contends: (1) the State failed to prove a statutory ground for termination; (2) termination is not in the children's best interests; (3) termination should not have been granted due to the closeness of the parent-child

relationships; and (4) she should have been given additional time to work toward reunification. We address each issue separately.

### A. Statutory Ground for Termination

The juvenile court terminated the mother's rights under Iowa Code section 232.116(1)(e) and (f) as to the oldest three children and under section 232.116(e) and (h) as to the youngest child. As the juvenile court found more than one ground for termination satisfied with respect to each child, we can affirm on any one ground supported by the evidence. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We choose to focus on paragraph (f) as to the oldest three children and paragraph (h) as to the youngest. These two paragraphs permit termination upon clear and convincing proof that (1) the children meet the age requirements of the applicable subparagraphs; (2) the children have been adjudicated in need of assistance; (3) the children have been removed from the physical custody of the parents for the time specified in the applicable subparagraphs; and (4) the children cannot be returned to the custody of the parent. Iowa Code § 232.116(1)(f), (h). The mother challenges only the fourth element under both paragraphs (f) and (h), contending the children could be returned to her custody.

Following our de novo review, we agree with the juvenile court that the children could not be returned to the custody of the mother. The Iowa Department of Health and Human Services got involved with this family when the youngest child tested positive for methamphetamine at birth. All four children were removed from parental custody shortly thereafter. Since removal, the mother has never progressed beyond fully-supervised visits, and the children have never returned to

the mother's custody. *See In re L.H.*, 13 N.W.3d 627, 629 (Iowa Ct. App. 2024) (finding failure to progress beyond fully supervised visits prevents return of custody). There is good reason for this. The mother has not addressed her substance-use problem that was the initial cause for removal. She has not been successful in treatment. Her latest attempt at treatment—a little over two months before the termination hearing—was really no attempt at all. Despite testing positive for methamphetamine, amphetamines, and THC at the time of admission, the mother testified that she didn't need treatment, and the only reason she went to treatment was so she didn't have to deal with "you all." She was discharged three days after admission for sleeping through the treatment sessions. After her discharge, she refused all drug testing requested of her, and she refused all contact with department workers. Given the mother's unresolved substance-use problems, the children could not be returned to her custody, so we find the State proved a statutory ground for termination of her rights to each child. *See In re W.M.*, 957 N.W.2d 305, 313 (Iowa 2021) (finding a history of substance use, repeated relapses, and inability to maintain sobriety prevents a return of custody).

While the mother's unresolved substance use is sufficient to convince us the children could not be returned to her custody, we also note the mother has unresolved mental-health issues that also prevent the children's return. *See In re D.H.*, No. 18-1552, 2019 WL 156668, at *2 (Iowa Ct. App. Jan. 9, 2019) (collecting cases and finding failure to meaningfully address mental-health issues to be a valid basis for terminating parental rights). These mental-health issues showed in the form of the mother's inability to regulate her emotions and interact appropriately with others. *See In re K.S.*, No. 18-1759, 2018 WL 6705523, at *2 (Iowa Ct. App.

Dec. 19, 2018) (noting the mother's "inability to regulate her emotions and interact with others impedes her ability to provide adequate care for the children"). She has threatened foster parents, refused to work with multiple service workers, and disrupted her children's therapy session to the point it was stopped. Two prior attorneys withdrew from representing her due to the mother's inability to work with them. Even at the termination hearing, the mother initially refused to come into the courtroom. When she did come in, she repeatedly interrupted the proceedings and had to be admonished to stop interrupting, stop yelling, and stay calm. She ended up leaving the witness stand in the middle of her testimony, left the courtroom, and did not return. The mother's unresolved mental-health problems support our conclusion that the children could not be returned to the mother's custody.

### B. Best Interests

The mother contends that terminating her rights was not in the children's best interests. She relies primarily on the fact that the children have been placed in separate homes after being removed from her custody. While separation of the siblings is unfortunate, it is a situation created by the mother's inability to be a viable placement option, and it does not justify denying the State's request to terminate the mother's parental rights.

Our best-interests analysis focuses on the children's safety; the best placement for furthering their long-term nurturing and growth; and their physical, mental, and emotion condition and needs. Iowa Code § 232.116(2). The mother's unresolved substance-use and mental-health issues prevent her from meeting the children's needs. When assessing the children's best interests, we consider what

the future holds for them if returned to the mother's custody. *See In re J.H.*, 952 N.W.2d 157, 171 (Iowa 2020). The mother's past performance, which includes her lack of progress since services started, convinces us it is in the children's best interests to terminate the mother's parental rights. *See, e.g., In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006) (stating that when considering what the future holds for the children if returned to a parent, "we look to the [parent's] past performance because it may indicate the quality of care the parent is capable of providing in the future" (citation omitted)).

### C. Closeness of Parent-Child Relationships

The mother also contends her parental rights should not have been terminated because of her close parent-child bond with each of the children. She points to section 232.116(3)(c), which permits the court to deny termination if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." It is the mother's burden to prove the applicability of this exception and, even then, it is permissive rather than mandatory. *See In re A.S.*, 906 N.W.2d 467, 475–76 (Iowa 2018).

The mother has not met her burden. The evidence is clear that at least the three oldest children have a bond with their mother, and the mother and children love each other. But love and a bond is not enough. *In re A.B.*, 956 N.W.2d 162, 169 (Iowa 2021). To apply this exception, the law requires clear and convincing evidence that termination would be detrimental to the children. *See id.* The mother presented no persuasive evidence that terminating her rights would be detrimental to the children. In fact, the evidence was to the contrary. The department worker

perhaps said it best when, in reference to the mother's bond with the oldest child, she testified, "I do believe that [termination] would be difficult for [the child], but I believe that the harm of remaining in a relationship with [the mother] or having contact with her when she is in this state and unable to have a meaningful and engaging relationship is more than the detriment of having the termination of the parental relationship."

As the mother has not met her burden of proving the applicability of section 232.116(3)(c), we agree with the juvenile court's decision not to apply it.

**D.     Additional Time**

Finally, the mother contends she should have been given additional time to work toward reunification. This is a statutorily permissible option. *See* Iowa Code § 232.117(5) (permitting the court to enter a permanency order under section 232.104 if it decides not to terminate parental rights); *see also id.* § 232.104(2)(b) (providing a permanency option of giving a parent an additional six months to work toward reunification). But to implement the option, the court must be able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child[ren] from the child[ren]'s home will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b).

While we question whether the mother has preserved this issue for our review, we bypass the error-preservation concern and assume without deciding that the mother has preserved it. On the merits, we decline the mother's request for an extension.

As noted, just over two months before the termination hearing, the mother again tested positive for methamphetamine—the problem that got the department involved in the first place. She refused to acknowledge any drug-use problem, but went to treatment anyway, only to be discharged after three days. She then refused to submit to any drug tests, refused all contact with service providers, and continued to display unresolved mental-health issues. Under these circumstances, we cannot find anything will be different in six months, let alone find that things will be so improved that the children can be returned to the mother's custody if the mother were to be given additional time. As such, we decline to grant the mother additional time to work toward reunification.

### III.     Conclusion

Having concluded there is a statutory ground for termination, termination is in the children's best interests, no permissive exception applies to prevent termination, and a six-month extension is not warranted, we affirm the juvenile court's order terminating the mother's parental rights.

**AFFIRMED.**